IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRUNO BALASSIANO, on behalf of himself
and those similarly situated,

    Plaintiff,

v.

FOGO DE CHAO CHURRASCARIA
(ORLANDO) LLC, a foreign limited liability
company, FOGO DE CHAO
CHURRASCARIA (JACKSONVILLE) LLC, a
foreign limited liability company, FOGO DE
CHAO CHURRASCARIA (MIAMI) LLC, a
foreign limited liability company,

    Defendants.
_____/

Case No.:

CLASS ACTION ALLEGATIONS

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1446 and 1331, Defendants, FOGO DE CHAO CHURRASCARIA (ORLANDO) LLC, FOGO DE CHAO CHURRASCARIA (JACKSONVILLE) LLC, FOGO DE CHAO CHURRASCARIA (MIAMI) LLC, and FOGO DE CHAO CHURRASCARIA (SUNRISE FLORIDA) LLC[1] ("Defendants"), by and through their attorneys, hereby remove this action from the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, to the United States District Court for the Middle District of Florida. In support hereof, Defendants state:

1. On October 31, 2018, Plaintiff Bruno Balassiano ("Plaintiff") filed a Class Action Complaint and Demand for Jury Trial (the "Complaint") in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, Case No. 2018 CA 001978-O that asserted

---

[1] The Amended Class/Collective Action Complaint names Fogo de Chao Churrascaria (Sunrise Florida) LLC as a defendant. Plaintiff had previously dropped this entity from the action because that entity does not actually own or operate a restaurant. It is believed that the inclusion of this entity is a scrivener's error.

one count under the Florida Minimum Wage Act. On or about November 2, 2018, Plaintiff filed a Class Action Amended Complaint and Jury Demand (the "First Amended Complaint").

2. Defendants were served with the First Amended Complaint on or about November 9, 2018. See copy of Circuit Court docket attached hereto as **Exhibit "A."** Prior to the Defendants' response to the First Amended Complaint, Plaintiff filed a "Class Action Second Amended Complaint and Jury Demand" that dropped Defendant Fogo De Chao Churrascaria (Sunrise Florida) LLC as a Defendant (the "Second Amended Complaint"). Both of these complaints asserted only a claim for alleged unpaid wages under the Florida Constitution, Article X, Section 24.

3. On or about October 22, 2019, Plaintiff filed an Unopposed Motion for Leave to File Amended Complaint seeking to amend the Second Amended Complaint to assert, for the first time, a claim for minimum wages allegedly due and owing under the federal Fair Labor Standards Act, 29 U.S.C. § 206 (the "FLSA"). Attached to the motion was an Amended Class/Collective Action Complaint (the "Third Amended Complaint").[2] On or about November 5, 2019, the Court entered an order granting the motion.

4. A copy of the Third Amended Complaint filed by Plaintiff in the Circuit Court case is attached hereto as **Exhibit "B."** Copies of all the remaining documents retrieved from the Circuit Court file and that are required to be filed with this Court under the Local Rules are attached hereto as **Composite Exhibit "C."** These consist of: (1) Defendants' Answer and Affirmative Defenses to Second [sic] Amended Complaint, (2) the pending Plaintiffs' Motion for Class Certification and Incorporated Memorandum of Law (under Florida's class action

---

[2] In actuality, this should have been labeled the Third Amended Complaint. The initial complaint was filed October 31, 2018, and the amended complaints on November 2, 2018 and December 19, 2018.

certification rule, Fla. R. Civ. P. 1.220), and (3) the remaining documents retrieved from the Circuit Court file.

5. Pursuant to 28 U.S.C. § 1446, Defendants hereby remove this case to the United States District Court for the Middle District of Florida as an action over which this Court has original federal question jurisdiction under 28 U.S.C. § 1331.

6. The well-pleaded complaint rule determines the presence or absence of federal jurisdiction that will support removal. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Generally, if the face of the complaint necessarily implicates a federal claim, a federal question exists. *See Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 9-12 (1983).

7. Count II of the Amended Complaint asserts a cause of action against Defendants for purported violations of the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

8. 28 U.S.C. § 1331 provides that district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. Here, the Third Amended Complaint is removable to the United States District Court for the Middle District of Florida because Plaintiff's FLSA claim presents a federal question and therefore arises under federal law. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 694-95 (2003) (holding an action brought under the Fair Labor Standards Act presented a federal question and was removable to federal court); *City of Jacksonville v. Dep't of Navy*, 348 F.3d 1307, 1313 (11th Cir. 2003).

9. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Middle District of Florida, Orlando Division, is the district court of the United States for the district and division embracing the place where the action is pending.

10. Plaintiff served Defendants with its Motion to Amend on October 22, 2019, and the state court entered the order permitting amendment on November 5, 2019. *White v. City of Jacksonville,* 2018 WL 317051 (M.D. Fla. 2018) (case becomes removable under federal question jurisdiction when order granting amendment is entered). Accordingly, this removal notice is filed within thirty (30) days of the service on Defendant of the first pleading indicating the case was removable and is therefore timely pursuant to 28 U.S.C. § 1446(b)(1).

11. Furthermore, pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Count I under The Florida Minimum Wage Act as it is so related to the federal claim that it forms part of the same case or controversy. *Roman v. Hooters Spring Hill, Inc.,* 2016 WL 8997452 (M.D. Fla. July 8, 2016) (asserting supplemental jurisdiction over Florida Minimum Wage Act claim).

12. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly serve a copy of this Notice upon Plaintiff, and Defendants shall file the same with the Clerk of the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida.

**WHEREFORE**, Defendants respectfully request that the entire state court action under Case No. 2018-CA-011975 now pending in the Circuit Court for the Ninth Judicial Circuit, in and for Orange County, Florida, be removed to the United States District Court for the Middle District of Florida, Orlando Division, for all further proceedings.

Respectfully submitted this 8th day of November, 2019.

/s/ *Mary Ruth Houston*
MARY RUTH HOUSTON, ESQ.
Florida Bar No. 834440
Email address: *mhouston@shutts.com*
Secondary email: *mljohnson@shutts.com*
PAUL J. SCHECK, ESQ.
Florida Bar No. 28487
Email address: *pscheck@shutts.com*
Secondary email: *mljohnson@shutts.com*
JACLYN S. CLARK, ESQ.
Florida Bar No. 117652
Email address: *jclark@shutts.com*
Secondary email: *mljohnson@shutts.com*
**SHUTTS & BOWEN LLP**
300 S. Orange Avenue, Suite 1600
Orlando, Florida 32801-5403
Telephone: (407) 423-3200
Facsimile: (407) 425-8316
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court this 8th day of November, 2019, by using the Florida e-Portal System, which will serve a copy electronically to:

Carlos V. Leach, Esq.
The Leach Firm, P.A.
1950 Lee Road, Suite 213
Winter Park, FL 32789
cleach@theleachfirm.com

Richard Celler, Esq.
Celler Legal, P.A.
7450 Griffin Road, Suite 230
Davie, FL 33314
richard@floridaovertimelawyer.com

/s/ *Mary Ruth Houston*

ORLDOCS 17262489 2