Filing # 82318819 E-Filed 12/19/2018 08:19:45 AM

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,**
**IN AND FOR ORANGE COUNTY,**
**FLORIDA**

**BRUNO BALASSIANO, on behalf of**
**himself and those similarly situated,**

        **Plaintiff,**

**vs.**

**FOGO DE CHAO CHURRASCARIA**       **CASE NO.: 2018-CA-011975-O**
**(ORLANDO) LLC, a foreign limited**
**liability company,**                **CLASS ACTION ALLEGATIONS**
**FOGO DE CHAO CHURRASCARIA**
**(JACKSONVILLE) LLC a foreign**
**limited liability company, and**
**FOGO DE CHAO CHURRASCARIA**
**(MIAMI) LLC a foreign limited liability**
**company,**

        **Defendants.**           /

**CLASS ACTION SECOND AMENDED COMPLAINT & JURY DEMAND**
**("Class Representation")**

    Plaintiff, **BRUNO BALASSIANO** ("Plaintiff"), on behalf of himself and those similarly

situated, sues the Defendants, FOGO DE CHAO CHURRASCARIA (ORLANDO) LLC, a

foreign limited liability company, FOGO DE CHAO CHURRASCARIA (JACKSONVILLE)

LLC a foreign limited liability company, and FOGO DE CHAO CHURRASCARIA (MIAMI)

LLC a foreign limited liability company (hereinafter "Defendants"), for failing to pay minimum

wages to all servers/bartenders/carvers (hereinafter "servers/carvers" or "class members") who

worked in the State of Florida, pursuant to Florida. Constitution, Article X § 24.

**Nature of Case**

    1.    Defendants collectively own(ed) and operate(d) approximately three (3) "Fogo De

Chao" steakhouse restaurants throughout the State of Florida.

2.    As part of their enterprise, Defendants hire servers and carvers to serve customers.

3.    Plaintiff brings this case to address and correct the illegal pay practices conducted by Defendants regarding their servers and carvers.

4.    Defendants violated the Florida Constitution by failing to pay class members that were employed in Florida at anytime within the past five (5) years at least the full minimum wage for all hours worked pursuant to the Fla. Const. Art X § 24(c) ("Employers *shall* pay Employees Wages no less than the Minimum Wage for *all* hours worked in Florida.") (emphasis added).

## Parties

5.    Plaintiff and the class members were hourly paid servers and carvers who worked for Defendants within the last five (5) years.

6.    Plaintiff, Bruno Balassiano, worked for Defendants as both a carver and server from approximately October 2015 through March 2018, at their Orlando, Florida location.

7.    The proposed class members worked for Defendants at their restaurants throughout Florida as servers and carvers.

8.    Plaintiff also seeks class certification under Florida Rules of Civil Procedure Rule 1.220(b)(1),(2) and alternatively (3) of the following state law class:

> **All servers and carvers who worked for Defendants within Florida during the five (5) years preceding this lawsuit who were not paid full and proper minimum wage as a result of Defendant's illegal tip pooling practices.**

9.    Each of Defendants' principal businesses where the issues which are the subject matter complained of took place are located Florida and is therefore within the jurisdiction of this Court.

10.    Based on information and belief, Defendants opened each Fogo De Chao location

under a differently named corporate entity.

11.    Even though different locations were operated through different entities, each Fogo De Chao location was operated the same way, and each utilized the same pay practices and procedures.

12.    Each Fogo De Chao location shares and has interrelated operations.

13.    Defendants use the same payroll company for all Florida locations.

14.    Defendants use the same insurance company for all Florida locations.

15.    Each Fogo De Chao location shares common officers and managers, regional managers, management companies, corporate trainers and other managers.

16.    Each Fogo De Chao location shares a common centralized control of labor relations located in the Fogo De Chao Corporate office, in Plano, Texas.

17.    Additionally, the employee handbook was the same for each Fogo De Chao location.

18.    Pay policies regarding minimum wage are the same for all Florida locations.

19.    Regional managers manage multiple locations.

20.    Job descriptions are uniform for all Fogo De Chao locations.

21.    Based on information and belief, significant policies, memorandum and management directives for any or each of the Fogo De Chao locations originated out of the Fogo De Chao corporate headquarters in Plano, Texas.

22.    Based on information and belief, the same person or persons have financial ownership and control over each Fogo De Chao location.

23.    Even though each Fogo De Chao location was registered under a different corporate entity, the Fogo De Chao locations were actually operated as one integrated enterprise and/or are joint employers of Plaintiffs.

## Jurisdiction & Venue

24.     This action is brought under Florida law to recover from Defendants minimum wages, liquidated damages, and reasonable attorneys' fees and costs.  This action is intended to include each and every server and carver who worked for Defendants at any Fogo de Chao location at any time within the past five (5) years in the **State of Florida**.

25.     This Court has jurisdiction over Plaintiffs' claims as they arise under the Florida Constitution.

26.     This Court has jurisdiction and venue over this complaint as each of Defendants' violations of the Florida Constitution complained of took place in either Orange County, Florida and/or other counties throughout Florida.

27.     Plaintiff, on behalf of himself and those similarly situated, allege that the aggregate damages for the entire class exceed $15,000.00, exclusive of attorneys' fees and costs.

## General Factual Allegations

28.     Plaintiff and the class members worked as servers and carvers for Defendants at their Fogo de Chao locations throughout Florida.

29.     Plaintiff and those similarly situated were paid pursuant to a "tip credit" method where they were paid minimum wage minus the tip credit.

30.     At all material times (during the last five years), the tip credit deducted was $3.02 per hour.

31.     At all material times (during the last five years), Defendants were an enterprise subject to the Florida Constitution's provision on minimum wages.

32.     At all material times (during the last five years), Defendants were an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise has had

at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

33.   Defendants' employees ran credit card transactions which transacted business in interstate commerce on a daily basis.

34.   Defendants' employees handled such goods as napkins, silverware, appliances, food items, and restaurant equipment which had travelled in interstate commerce on a daily basis.

35.   At all material times (during the last five years), Defendants had an annual gross volume of sales made or business done of not less than five hundred thousand and 0/100 dollars ($500,000.00) (exclusive of excise taxes at the retail level which are separately stated) per year.

36.   Additionally, Plaintiff was engaged in interstate commerce during his employment with Defendants as a result of their use of credit card machines and other restaurant equipment which transmitted communications in interstate commerce.

37.   Defendants are in the business of providing food and drinks to the general public.

38.   Specifically, Defendants operate approximately three (3) Fogo de Chao steakhouse restaurants throughout the State of Florida.

39.   Defendants each jointly employed Plaintiff and the class members and have employed hundreds of servers and carvers ("class members" or the "class") at their Florida Fogo de Chao locations in the last five (5) years.

40.   Defendants employed Plaintiff as an integrated enterprise and/or joint employers.

41.   Plaintiff and the class members worked in the State of Florida without being paid at least the full minimum wage for all hours worked.

42.     Defendants controlled and/or were responsible for the work of class members.

43.     Plaintiff and all similarly situated employees did a specific job, i.e. serve food and drinks, which was/is an integral part of the restaurant business of Defendants.

44.     Defendants utilized the tip credit and paid Plaintiff and all similarly situated servers under the applicable tipped minimum wage.

45.     Defendants paid Plaintiff and the class members the applicable Florida minimum wage rate minus $3.02 per hour.

46.     However, when an employer chooses to pay pursuant to a tip credit, the employees must be allowed to keep all of their tips, either individually or through a tip pool.

47.     Moreover, a tip pool can only contain employees who customarily and regularly receive tips.

48.     Further, if tipped employees are required to participate in a tip pool with other employees who do not customarily receive tips, then the tip pool is invalid, and the employer is not permitted to take a tip credit.

49.     Notwithstanding these requirements, Defendants require(d) their servers to participate in a tip pool contribution plan that includes non-traditionally tipped employees.

50.     Specifically, Defendants include dedicated kitchen workers in their tip pool.

51.     Defendants utilize carvers who would normally serve customers but work in the kitchen during all or most of their shifts to prepare and cook meats without serving customers.

52.     Instead of serving customers, these carvers season meats, place them on skewers and load them into rotisserie machines during all or most of their shifts.

53.     Despite the fact that these carvers are dedicated kitchen workers, they are still paid pursuant to the tip credit, i.e. less than minimum wage, plus tips.

54.    Dedicated kitchen workers should not be included in a tip pool with servers who are paid pursuant to the tip credit.

55.    Defendants also include a Customer Service Representative in the tip pool.

56.    Defendants pay the Customer Service Representative more than full minimum wage.

57.    Defendants pay the Customer Service Representative more than $12 per hour.

58.    The Customer Service Representative observes the service provided by servers/carvers.

59.    The Customer Service Representative inspects and confirms that the servers/carvers are dressed adequately.

60.    The Customer Service Representative is responsible for advising servers/carvers when their shift is over.

61.    The Customer Service Representative is responsible for reprimanding servers/carvers.

62.    The Customer Service Representative has the authority to "comp." customer's bills.

63.    The Customer Service Representative wears a different uniform different from the typical server/carver.

64.    The Customer Service Representative's uniform is similar to a manager's uniform.

65.    The Customer Service Representative is considered management.

66.    Clearly, Customer Service Representative should not be included in the tip pool.

67.    For these reasons, Defendants violated the terms of the tip-credit and Florida Constitution's provision on minimum wages.

68.    As a result of these common policies, Plaintiff and each similarly situated server/carver is entitled to receive $3.02 for each hour worked as repayment for the tip credit improperly deducted from their wages.

69.    The additional persons who may become plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who suffered from the same pay practice of being improperly denied the legally required tipped minimum wage.

70.    Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated servers are in the possession and custody of Defendants.

71.    Prior to filing this lawsuit, a demand letter was sent to and received by Defendants pursuant to Florida Statute 448.10. *See* Demand Letter Attached as Exhibit "A."

**<u>Class Factual Allegations</u>**

72.    Class members are treated equally by Defendants.

73.    Defendants subjected class members to the same illegal practice and policy by forcing the Class Members to participate in a tip pool contribution plan that includes non-traditionally tipped employees.

74.    Defendants have employed approximately five hundred (500) or more class members who were paid pursuant to a tip credit in the State of Florida within the past five (5) years.

75.    Defendants pay class members in the same manner.

76.     Defendants pay class members a tipped minimum wage of $3.02 per hour, plus tips.

77.     Defendants require its servers/carvers to participate in a tip pool.

78.     Defendants' servers/carvers are required to be paid minimum wages under Florida and federal law.

79.     Plaintiff and all class members worked in the State of Florida.

80.     Plaintiff and all class members in the State of Florida were not guaranteed at least the full minimum wage for all hours worked.

81.     Plaintiff and all class members were improperly paid the tipped minimum wage per hour.

82.     During the relevant period, Defendants violated the Fla. Const. Art. X § 24 by improperly taking the tip credit.

83.     Defendants have acted willfully in failing to pay Plaintiffs and the class members in accordance with the law.

84.     Plaintiff has hired the undersigned law firms to represent him in this matter and is obligated to pay them reasonable fees and costs if he prevail.

<u>**Class Representation Allegations**</u>

85.     The claims under the Florida Constitution may be pursued by all similarly situated persons who choose not to opt-out of the state law sub-class pursuant to Florida Rules of Civil Procedure Rule 1.220(b)(1),(2) and alternatively (3).

86.     The number of individuals in the class is so numerous that joinder of all members is impracticable. The exact number of members of each class can be determined by reviewing

Defendants' records. However, Plaintiffs are informed and believe that there are hundreds of eligible individuals in the defined class.

87.    Plaintiff will fairly and adequately protect the interests of the class and has retained counsel that is experienced and competent in class action and employment litigation.

88.    Plaintiff has no interests that are contrary to, or in conflict with, the members of the class.

89.    A class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

90.    A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the Florida Constitution.

91.    Furthermore, even if every member of the class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

92.    There is a well-defined community of interest in the questions of law and fact affecting the class as a whole. The questions of law and fact common to the class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a.    Whether Defendants' employed servers/carvers within the meaning of the applicable statutes;

    b.    Whether servers and carvers were uniformly, willfully and wrongfully paid the tipped minimum wage;

    c.    Whether Defendants failed to pay Plaintiff and members of the class all minimum wages owed to them;

    d.    Whether Plaintiffs and the class members were required to participate in an illegal tip pool plan;

    e.    What remedies are appropriate compensation for the damages caused to Plaintiff and each member of the class; and

    f.    Whether Defendants' failure to compensate Plaintiff and the class members at the applicable minimum wage rates was willful, intentional or done with reckless disregard.

93.    The relief sought is common to the entire class including, *inter alia:*

    a.    payment by the Defendants of actual damages caused by their failure to pay minimum wages pursuant to the Florida Constitution;

    b.    payment by the Defendants of liquidated damages caused by their failure to pay minimum wages pursuant to the Florida Constitution;

    c.    payment by the Defendants of the costs and expenses of this action, including the attorneys' fees of Plaintiffs' counsel.

94.    Plaintiff's claims are typical of the claims of members of the class.

95.    Plaintiff and members of the class have sustained damages arising out of the same wrongful and uniform employment policies of Defendants in violation of the Florida Constitution.

96.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLORIDA CONSTITUTION, ART. X, § 24

97.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 - 96 above as though fully stated herein.

98.    Plaintiff and those similarly situated servers and carvers are/were entitled to be paid the full minimum wage for each hour worked during their employment with Defendant.

99.    During their employment with Defendants, Plaintiff and those similarly situated servers and carvers were forced to participate in an illegal tip pool in violation of the Florida Constitution's tip-credit provision.

100.    Defendants willfully failed to pay Plaintiff and those similarly situated servers and carvers the full minimum wage for one or more weeks of work contrary to Article X, Section 24 of the Florida Constitution.

101.    As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and those similarly situated servers and carvers have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

102.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, Bruno Balassiano, on behalf of himself and those similarly situated, demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any

and all further relief that this Court determines to be just and appropriate.

## **Relief Sought**

Wherefore, Plaintiff demands an Order awarding:

a. payment to him and all class members of minimum wages for all hours worked at the correct rate pursuant to Article X, Section 24 of the Florida Constitution;

b. an equal amount of liquidated damages pursuant to Article X, Section 24 of the Florida Constitution, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law; and

c. reasonable attorneys' fees and costs for all time worked by the attorneys for Plaintiffs in prosecuting this case pursuant to Article X, Section 24 of the Florida Constitution.

d. certification of this case as a class action under the provisions of Florida Rules of Civil Procedure Rule 1.220(b)(1),(2) and alternatively (3).

e. Any other relief that Plaintiff and the class members may be due or entitled.

Respectfully submitted this 19th day of December, 2018.

**Carlos V. Leach, Esq.**
The Leach Firm, P.A.
1950 Lee Rd., Suite 213
Winter Park, FL 32789
Telephone:    (407) 574-4999
Facsimile:    (833) 423-5864
Email: cleach@theleachfirm.com

**/s/ Carlos V. Leach**
Carlos V. Leach, Esq.
Florida Bar No.: 0540021

-and-

**Richard Celler, Esq.**
CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Email: richard@floridaovertimelawyer.com

**/s/ Richard Celler**
Richard Celler, Esq.
Florida Bar No. 0173370

Filing # 82318819 E-Filed 12/19/2018 08:19:45 AM



# THE LEACH FIRM

July 16, 2018

**<u>VIA FEDEX OVERNIGHT DELIVERY</u>**

Fogo De Chao Churrascaria (Orlando) LLC
CT Corporation System
1200 South Pine Island Road
Plantation, FL 33324

Fogo De Chao Churrascaria (Orlando) LLC
8282 International Drive
Orlando, FL 32819

     *Re:    Bruno Balassiano, et al v. Fogo De Chao*

To Whom it May Concern:

    This firm currently represents Mr. Bruno Balassiano, a former tipped server/carver, who worked for Fogo De Chao (the "Company" or "Fogo De Chao"). Mr. Balassiano is seeking unpaid minimum wages under state law.

    Mr. Balassiano alleges that as a tipped employee, he and other servers/carvers were denied the minimum wage protections of tipped employees pursuant to Florida law. Specifically, FOGO DE CHAO violated the law for two reasons. First, Mr. Balassiano and other tipped employees were required to participate in an illegal tip pool at your restaurants. This was due to FOGO DE CHAO requiring nontipped employees (carvers who were dedicated cooks) to participate in the pool and share tips. These non-tipped employees should not have been included in the tip pool. Requiring servers to tip out these non-tipped employees violated the Tip Pool and Minimum, wage provisions of the Florida State law. Second, Mr. Balassiano alleges that your company required servers to perform in excess of 20% non-tipped job duties within a workweek on a regular basis.

    Mr. Balassiano is seeking damages on behalf of himself and the class of servers/carvers who worked for FOGO DE CHAO within the last five years pursuant to the Florida Constitution. Each of these servers are/were subject to the same tip credit violations. These policies and pay practices violate the tip credit provisions under the Florida and each server who worked for FOGO DE CHAO within the last five years is entitled to repayment of the tip credit ($3.02) for each documented hour worked.

---

1950 Lee Road, Suite #213 ● Winter Park, Florida 32789
Phone: 407-374-4999 ● Fax: 833-423-5864
www.theleachfirm.com

**EXHIBIT A**

*Demand Letter*
*Bruno Balassiano, et al v. Fogo De Chao*
*Page 2 of 3*

Based on our investigation and information from our clients, FOGO DE CHAO (Florida) employed at a minimum approximately fifty (50) servers during a single work-week within the last five years. In addition, due to turnover, the class size, based on our investigation to date, includes over one hundred fifty (150) servers who are entitled to repayment of the tip credit for each hour worked as described above.

Mr. Balassiano estimates the following work dates, hours, and alleged unpaid wages for which payment is due:

1. October 2015 to March 2018 (126 weeks), for a total of hours (based on an average of 35 hours per week). Thus, he would be owed the following: Minimum Wage: 4,410 hours x $3.02 for minimum wage damages = $13,318.20.

2. Repayment of Tips: Mr. Balassiano also estimates that he lost out on approximately $100 per week in misappropriated tips. $12,600.

3. Total Owed for 126 weeks of employment = 13,318.20 + $12,600 = **$25,918.20**.

Applying this estimated average to one location (multiplied by 150 estimated class members) for a full five years, the estimated to be owed is $1,295,910 in unpaid damages. There are three locations in Florida with similar violations.

Thus, to resolve this matter for all locations in Florida, FOGO DE CHAO must pay **$1,295,910** to the class of servers for these unpaid minimum wages. Alternatively, if your client provides relevant pay and time records for each putative class member to our firm, we can amend the offer above based on the information you provide, and the actual pay records.

As you know, you have a duty to preserve any relevant documents and electronically stored information which relates to my client's claims for minimum wage compensation (as well as putative class members). This includes any electronically stored information related to time clocks, time cards, schedules, register receipts, log-in records of my client, deductions for uniforms or walk-outs, or any other relevant physically or electronically stored information. If this information is destroyed, you can be subject to sanctions under law.

Additionally, please be aware that the law prohibits anyone from discriminating or retaliating against a current or former employee for pursuing their right to unpaid wages. Therefore, to the extent any attempt is made to penalize, discipline, punish, threaten, intimidate, or discriminate against our clients, we will pursue a claim for retaliation.

If the Company is interested in making a sincere effort to explore the possibility of an informal and confidential resolution, please contact me by **July 31, 2018**. If I do not hear from you within that time, we will assume that the Company is not interested in entering into pre-litigation settlement dialogue and we will proceed accordingly.

*Demand Letter*
*Bruno Balassiano, et al v. Fogo De Chao*
*Page 3 of 3*

If you or your representative with to discuss this matter further, I may be contacted directly at (407) 574-4999, or by email at cleach@theleachfirm.com (please copy my assistant at maugello@theleachfirm.com).

Sincerely,

Carlos V. Leach

CVL/ma



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

  Shipment Receipt

**Address Information**

**Ship to:**
CT Corporation System
Fogo De Chao
1200 South Pine Island Rd
#250
PLANTATION, FL
33324
US
407-543-6613

**Ship from:**
Carlos Leach
The Leach Firm, P.A.
1950 Lee Road, Suite 213

Winter Park, FL
32789
US
3212876021

**Shipment Information:**
Tracking no.: 772717441986
Ship date: 07/16/2018
Estimated shipping charges: 24.52 USD

**Package Information**
Pricing option: FedEx Standard Rate
Service type: Standard Overnight
Package type: FedEx Envelope
Number of packages: 1
Total weight: 0.10  LBS
Declared Value: 0.00  USD
Special Services:
Pickup/Drop-off: Drop off package at FedEx location

**Billing Information:**
Bill transportation to: My Account - 656-656
Your reference: BALASSIANO DL
P.O. no.:
Invoice no.:
Department no.:

**Thank you for shipping online with FedEx ShipManager at fedex.com.**

**Please Note**
FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1000, e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits; Consult the applicable FedEx Service Guide for details.
The estimated shipping charge may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

 **Shipment Receipt**

## Address Information

**Ship to:**
Fogo De Chao
Fogo De Chao
8282 International Dr

Orlando, FL
32819
US
407-543-6613

**Ship from:**
Carlos Leach
The Leach Firm, P.A.
1950 Lee Road, Suite 213

Winter Park, FL
32789
US
3212876021

## Shipment Information:
Tracking no.: 772717604998
Ship date: 07/16/2018
Estimated shipping charges: 20.54 USD

## Package Information
Pricing option: FedEx Standard Rate
Service type: Standard Overnight
Package type: FedEx Envelope
Number of packages: 1
Total weight: 0.10 LBS
Declared Value: 0.00 USD
Special Services:
Pickup/Drop-off: Drop off package at FedEx location

## Billing Information:
Bill transportation to: My Account - 656-656
Your reference: BALASSINO DL
P.O. no.:
Invoice no.:
Department no.:

**Thank you for shipping online with FedEx ShipManager at fedex.com.**

**Please Note**

FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1000, e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits; Consult the applicable FedEx Service Guide for details.

The estimated shipping charge may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.