UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BRUNO BALASSIANO**, on behalf of himself
and those similarly situated,

      CASE NO.: 6:19-CV-2140-ORL-78EJK

   **Plaintiff,**

v.

**FOGO DE CHAO CHURRASCARIA
(ORLANDO) LLC, FOGO DE CHAO
CHURRASCARIA (JACKSONVILLE)
LLC and FOGO DE CHAO
CHURRASCARIA (MIAMI) LLC.**

   **Defendants.**
_____/

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION**

**I.**    **Introduction**

Defendants spend the majority of their brief arguing the merits of Plaintiff's claims. However, the issue for this Court on class certification is not whether Plaintiff will ultimately prevail on his claims on summary judgment or at trial; rather, the issue is whether the proposed class meets Rule 23 class certification requirements for violations of the Florida Minimum Wage Act ("FMWA") and whether the proposed class meets conditional class certification under 29 U.S.C. §216(b) for violations of the Fair Labor Standards Act ("FLSA"). As demonstrated in Plaintiff's opening brief and as articulated further below, Plaintiff has satisfied the requirements of Fed. R. Civ. P. 23 and 29 U.S.C. §216(b).

Defendants attempt to argue the merits of this case in its motion by repeatedly discussing the Plaintiff's supposed failure to meet the high burden of proof. These arguments do not undermine Plaintiff's showing that his claims can easily be resolved on a class-wide basis.

1

Plaintiff's declarations demonstrate that Defendants maintain common policies and practices applicable to *all* servers, bartenders and Churrasqueiros[1] in their Florida restaurants which violate the FMWA and the FLSA, thus rendering class treatment appropriate.

There is no small irony in Defendants' effort to unnecessarily complicate the issues on the class certification motion, because it reveals a central fact of this case that is stark and undeniable: Defendants maintained a wide-spread, systemic practice to operate an unlawful tip-pool by the inclusion of employees who do not customarily and regularly receive tips. Plaintiff's central claim here is that Defendants allows employees to share in the tip pool with tipped employees in violation of Florida/Federal law, and Plaintiffs have demonstrated that the issues relevant to that claim are common to the class.

## II. Argument

### A. In Ruling on a Motion for Class Certification, a Court Should Not Make Determinations About the Merits of the Underlying Claims.

This case presents a straightforward application of Rule 23. Proposed class members have suffered the same injury: forced participation in a tip pool arrangement with other employees of Defendants who do not customarily and regularly receive tips.

In its effort to draw the Court into an analysis of the merits on Plaintiff's class certification motion, Defendants essentially urge the Court to consider the merits, i.e., the validity of the claim. However, as Plaintiff explained in his motion, the case law is clear that "[i]n determining whether an action should proceed as a class action, it is appropriate to consider whether the claims

---

[1] Defendants spend a significant portion of their memorandum explaining the difference between a churrasqueiros and gauchos, and the fact that the "carver" position does not exist. For clarity, Plaintiff intends for the position of carver and churrasqueiros to be interchangeable. If needed, Plaintiff is willing to change the class definition from "carver" to "churrasquero. Indeed, Defendants use the terms "churrasco" and "gaucho" interchangeably as well. Doc. 45, pp. 8-10.

have merit.... However this inquiry is limited... and such threshold determination is not intended to be a substitute for summary judgment or trial.... Class action certification is thus appropriate if on the surface there appears to be a cause of action which is not a sham." *Weinstein v. Jenny Craig Operations, Inc.*, 2013 WL 5809397, *2 (N.Y. Sup., N.Y. Co. Oct. 24, 2013). "Whether a particular lawsuit qualifies as a class action rests within the sound discretion of the trial court. In exercising this discretion, a court must be mindful... that the class certification statute should be liberally construed." *Kudinov v. Kel-Tech Const. Inc.*, 884 N.Y.S.2d 413, 415 (1st Dept. 2009). "Thus, any error, if there is to be one, should be in favor of allowing the class action." *Pruitt v. Rockefeller Ctr. Properties, Inc.*, 574 N.Y.S.2d 672, 677 (1st Dept. 1991).

Proof of a plaintiff's claim is not required at the class certification stage, "only that it is capable of proof at trial through evidence that is common to the class rather than individual to its members." *Bell v. PNC Bank, Nat. Ass'n*, 800 F.3d 360, 375 (7th Cir. 2015)("We need not spend too much time analyzing whether the district court . . . did or did not come to a conclusion about the merits of the question, because our case law is clear that such proof is not required").

In *Weinstein*, the plaintiffs' motion for class certification was supported with the deposition testimony of two plaintiffs and two affidavits from different plaintiffs. *Weinstein,* 2013 WL 5809397, *1. The Court held that plaintiffs submitted sufficient evidence to satisfy this minimal threshold because "to the extent defendant has challenged the *credibility* of plaintiffs' affiants and deponents, it has merely raised issues to be determined by the trier of facts." *Id*.

Here, the Plaintiff has established a factual record to support his claim. The Plaintiff provided six declarations to support his motion for class certification. *See* Plaintiff's Motion for Class Certification Exhibits A-F. The declarations support the argument that Plaintiff and the class members were subjected to a common illegal practice that deprived them of tips and wages.

3

### B. Plaintiff Has Met The Requirements of Rule 23

Plaintiff has easily satisfied each of the requirements of Fed. R. Civ. P. 23, numerosity, commonality, typicality, and adequacy of representation, by a preponderance of the evidence. The preponderance of the evidence is not a high standard as Defendants purport to the Court, but instead means that Plaintiff must establish that the thing in question is more likely true than not. Plaintiff has done so here. Accordingly, Plaintiff's motion should be granted.

Without rehashing Plaintiff's entire argument, it is important to note that "[t]o satisfy [commonality], plaintiffs must show that the nature of the claims is such as to indicate a predominance of common issues of law and fact over individual questions of damages." *Weinstein*, 92013 WL 5809397, *3. "Common does not mean identical in every respect." *Id*. "The statute clearly envisions authorization of class actions even where there are subsidiary questions of law or fact not common to the class" *Id*. The questions of law and fact in this case are undeniably common. Plaintiff and putative class members were forced to share tips with non-tipped employees.

### 1. <u>Two Out of Three</u> Locations is Sufficient to Demonstrate a Common Policy

In a further attempt to avoid class wide liability, Defendants challenge Plaintiff's typicality claim by asserting that "no declaration was submitted from an employee at FOGO Miami." Defendant Opposition Motion, 17. Defendants contend that the six declarations are insufficient to satisfy Plaintiff's burden of showing that employees in the class are similarly situated. The Court must see through this disingenuous claim. *See Stuven v. Texas de Brazil, et al*., Case No.8:12-cv-1283-T-24TGW, 2013 WL 610651 (M.D. Fla. Feb. 19, 2013). *Stuven* was a case very similar to the case at hand involving Texas de Brazil, a churrascaria with 6 Florida locations where plaintiff/servers alleged tip credit violations. *Id*. Judge Bucklew rejected Defendants' argument

4

that the class should be limited to the locations where the named plaintiffs worked, and that notice should only be sent to those locations. *Id*. at p. 5. Judge Bucklew found that Plaintiff submitted sufficient evidence to show uniform policies throughout all 6 locations *despite* Plaintiffs only working at 4 out of 6 locations and rejected Defendants' argument that "managers at each location have some discretion to vary the day-to-day operating procedures, such that the day-to-day working conditions may vary from restaurant to restaurant." *Id*.; *compare* Defendants' motion at Doc. 45, p. 14. Similar to the Defendants in *Stuven*, Fogo admits in its Answer (Doc. 14) that its Florida locations all have uniform policies for its employees:

| | |
|---|---|
| Same payroll service | ¶13 |
| One common area manager | ¶17 |
| Same handbook for each location | ¶19 |
| Area managers manage multiple locations | ¶21 |
| Job descriptions are uniform for all locations | ¶22 |
| Policies, memorandum and management directives for each location originated out of the Fogo De Chao corporate headquarters | ¶23 |
| Same financial ownership | ¶24 |

Further, relevant case law confirms that Courts routinely include locations outside of where the Plaintiffs worked. *See Haschak v. Fox & Hound Restaurant Group*, 2012 WL 5509617 (N.D.Ill. 2012)(certifying statewide Rule 23 and FLSA class of servers/bartenders of all locations where named Plaintiffs worked at only one of five store locations); *See also Denney v. Lester's, LLC*, 2012 WL 3854466 (E.D.Mo. 2012)(certifying FLSA class of servers/bartenders at all locations where named Plaintiff worked at only one of three store locations). When considering Plaintiff has personal knowledge of two of the three locations, a uniform handbook and common management/corporate policies, the only logical conclusion would be to include the third location. Further, even though the declarations discuss each employees' individual experiences, the declarations state that Defendants have uniform practices and policies that apply to Defendants'

other employees and that other employees complain of the same practices that the declarants describe.

### 2. Plaintiff has Articulated Two Minimum Wage Tip Credit Violations

Despite Defendants' attempt to confuse the issues, Plaintiff's legal theories are simple. Defendants used its gauchos/carvers to prepare/cook meats in the kitchen while still paying them pursuant to the tip credit for significant hours far in excess of the 20% limit for side work. As a result, the gauchos/carvers who were required to do so were *treated* as kitchen workers and should have been paid at least minimum wage for these hours. Consequently, all other members of the tip pool (servers, bartenders, gauchos/carvers (who were not required to cook and prepare meats) were required to share tips with gauchos/servers (who were treated as kitchen workers). The penalty is that Defendants must repay the tip credit to the abused gauchos/servers as well as the additional class members in the tip pool. *Garcia v. Koning Rest. Int'l L.C.*, No. 12–CV–23629–HUCK, 2013 WL 8150984, at *4 (S.D.Fla. May 10, 2013) (unpublished); *compare* with Defendants' Response at pp. 21 (no back of the house workers with whom Plaintiff had to share tips are even identified). This is simply not a true statement.

Notably, Defendants *admit* (although they downplay the time involved) that it frequently required gauchos/carvers to work in the kitchen in order to prepare meats when a butcher is not there **or** if the restaurant is very busy. Doc. 46-1, pp. 7-8. In other words, the statistics that Defendants cite to prove that their butchers on duty are insignificant if the store was busy, because gauchos/carvers were asked to work in the kitchen preparing meats in addition to the butchers. In addition, although Defendants argue that they used a "Miscellaneous Earnings" adjustment if a churrasqueiro filled in for a butcher, the one exhibit that Defendants used to show proof of such adjustment shows an example of a churrasqueiro filling in as a *hostess, not a butcher*.

6

*See* Doc. 46-1 (Ex. 3), p. 16. In other words, the statistics that Defendants boast about regarding its adjustment totals from 2016-18 might not have involved the situation at hand at all, churrasqueiros filling in for butchers. Regardless, the amount of time churrasqueiros spent in the kitchen is not proper discussion for a class certification motion and should be reserved for the merits of the case.

Plaintiff has made a sufficient argument that the CSR position is uniform for all locations and should not have been included in the tip pool. The issue is whether the CSR customarily and regularly receives tips. *See* 29 U.S.C. §203(m). Although Defendants admit that the CSR position earns at least $12 per hour (and it not paid as the other tipped servers), attends management meetings and has the same uniform job description, this is an issue for the merits and cannot be resolved at this stage of the case. Last, Defendants attempt to highlight minor variations in the CSR's job duties per location. *See* Doc. 45, p. 22. However, "When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims." *Robidoux v. Celani*, 987 F.2d 931, 936–37 (2d Cir.1993) (citations omitted).

### 3. Plaintiffs Have Demonstrated Ample Participation

Plaintiff and the opt-in class members have demonstrated enough participation thus far. First, there is no minimum participation rate needed to satisfy Rule 23. Second, there are nine (9) plaintiffs that have already joined the case thus far. Again, this argument has been routinely rejected. *See Stuven*, 2013 WL 610651, p. 3 (rejecting TDB's argument that there are only three opt-in plaintiffs and finding that Courts have found that the same or even fewer number of opt-in plaintiffs demonstrates a sufficient interest in the lawsuit at this stage of the litigation); citing

*Robbins–Pagel v. WM. F. Puckett, Inc.,* No. 6:05–cv–1582–Orl–31DAB, 2006 WL 3393706, at *2 (M.D.Fla. Nov.22, 2006) (finding that affidavits from three other employees who alleged unpaid overtime demonstrated sufficient interest to conditionally certify the class); *Guerra,* No. 05–14237–CIV, 2006 WL 2290512, at *4 (holding that the affidavit of one additional co-worker supported the plaintiff's contention that there was sufficient interest to join the suit).

### C. FLSA Conditional Certification

Under the FLSA, this action is at the stage of conditional class certification, not final certification. After discovery, Defendants will have the opportunity, if it wishes, to move for decertification, which could be the entire class or a portion of the putative class. At this current stage, under the FLSA, an action may be maintained by any one or more employees against an employer on behalf of themselves and others similarly situated. 29 U.S.C. § 216(b).

Therefore, as described above, Plaintiff's burden at this stage is to demonstrate that he is similarly situated to other employees—a burden that can be satisfied with even a "modest factual showing." *Comer v Wal-Mart, Inc.*, 454 F.3d 544, 547 (6th Cir 2006). In support of his motion to certify, Plaintiff submitted his own declaration and the declaration of five other employees. This evidence meets the "fairly lenient" standard that typically results in certification as it demonstrates that Plaintiff is similarly situated to other putative class members because they suffer from a single FLSA-violating policy. *Comer*, 454 F.3d at 547.

When ruling on a motion for conditional certification under the FLSA, a federal court "does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.'" *Crosby v. Stage Stores, Inc.*, 348 F. Supp. 3d 742, 747 (M.D. Tenn. 2018) (quoting *Roberts*, 2015 WL 3905088, at *35). An abundance of authority supports this proposition. *See Roberts*, 2015 WL 3905088 at *13 (explaining that the defendant's substantive

arguments were premature at the conditional class certification stage); *Bearden v. AAA Auto. Club S., Inc.*, No. 2:11-cv-03104-JTF-dkv, 2013 WL 1181474, at *6 (W.D. Tenn. Mar. 18, 2013) ("[A] court should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated."); *Fast v. Applebee's Int'l, Inc.*, 243 F.R.D. 360, 363 (W.D. Mo. 2007) (finding that Applebee's arguments as to validity of plaintiffs' claims, even if ultimately meritorious, did not preclude conditional certification); *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997) (stating that, at the notice stage, the court "need not evaluate the merits of plaintiffs' claims" to be able to determine that a group is similarly situated).

### III. <u>CONCLUSION</u>

For the forgoing reasons, as well as those contained in Plaintiff's Memorandum of Law in Support of Motion for Class Certification, Plaintiff respectfully request that this Court grant this motion to certify this case as a class and collective action.

Dated this 29th day of June, 2020.

Respectfully submitted,

| | |
|---|---|
| *s/ Carlos V. Leach* | *s/ Richard Celler* |
| Carlos V. Leach, Esq. | Richard Celler, Esq. |
| Florida Bar No. 0540021 | Florida Bar No. 0173370 |
| THE LEACH FIRM, P.A. | RICHARD CELLER LEGAL, P.A. |
| 631 S. Orlando Avenue, Suite 300 | 10368 W. SR 84, Suite 103 |
| Winter Park, FL 32789 | Davie, FL 33314 |
| Telephone: (407) 574-4999 ext. 416 | Telephone: (866) 344-9243 |
| Facsimile: (833) 813-7512 | Facsimile: (954) 337-2771 |
| Email: cleach@theleachfirm.com | Email: richard@floridaovertimelawyer.com |
| Email: yhernandez@theleachfirm.com | |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing has been served to: all counsel of record using the CM/ECF filing system, which I understand will send a notice of electronic filing this 29th day of June 2020.

*s/ Carlos V. Leach*
Carlos V. Leach, Esq.