**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BRUNO BALASSIANO,**

        **Plaintiff,**

v.                                        **Case No:   6:19-cv-2140-Orl-78EJK**

**FOGO DE CHAO CHURRASCARIA (ORLANDO) LLC, FOGO DE CHAO CHURRASCARIA (JACKSONVILLE) LLC and FOGO DE CHAO CHURRASCARIA (MIAMI) LLC,**

        **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

This cause comes before the Court on Plaintiff's Motion to Certify Class ("the Motion"). (Doc. 37.) Therein, Plaintiff seeks class certification under Federal Rule of Civil Procedure 23(a) and (b)(3), as well as conditional class certification pursuant to 29 U.S.C. § 216(b). (Doc. 37 at 4–5.) In support, Plaintiff attaches declarations from Bruno Balassiano, Paulo Rodrigues, Marcelino Medeiros, Fernando Costa, Pedro Afonso, and Axel Torres. (Docs. 37-1–6.) Defendants responded in opposition to the Motion (Doc. 45), and Plaintiff replied (Doc. 49). For the reasons set forth below, I respectfully recommend that the Motion be denied and that the Court dismiss the opt-in plaintiffs.

**I.     PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS**

This putative collective action started in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, on October 31, 2018. (Doc. 1, ¶ 1.) An amended complaint was filed in state court just three days later. (*Id.*) Both the original and amended complaints were based upon *only* Florida's minimum wage provision, found in the Florida Constitution, Article X, § 24.

(*Id.* ¶¶ 1–2.) It was not until October 22, 2019, when Plaintiff moved to file a second amended complaint, that he indicated he was seeking damages under the Fair Labor Standards Act ("FLSA"). (*Id.* ¶ 3.) The motion was granted on November 5, 2019, and consequently, Defendants removed the action to this Court. (*Id.*)

The FLSA Scheduling Order directed Plaintiff to answer the Court's interrogatories and all parties to enter into settlement negotiations. (Doc. 16.) Plaintiff then filed the Consents to Joint Collective Action of Lucas Ribeiro Bossa, Gustavo Oliveira, Marcelino Medeiros, Fernando Costa, Paulo Rodrigues, Alexandre Lala Santos, and Pedro Afonso. (Doc. 18.) Half a year of settlement negotiations proved unsuccessful (*see* Joint Settlement Report, Doc. 33); therefore, the parties filed their Case Management Report (Doc. 32). On May 15, 2020, Plaintiff filed Axel Torres's Consent to Join Collective Action (Doc. 36) and the instant Motion (Doc. 37), wherein Plaintiff moves to certify a class as to Count I, for violations of the Florida minimum wage provision violation, and to obtain a conditional certification as to the FLSA count (Count II). (*Id.*)

The factual allegations underlying the instant case stem from the employment of Plaintiff, and others that are similarly situated to him (collectively, the "Class Members"), at Fogo De Chao[1] locations throughout Florida. These Class Members allegedly "serve[d] food and drinks" at Fogo De Chao. (Second Am. Compl., Doc. 1-1, ¶¶ 6–8, 45.) During the course of their employment, the Class Members were required to participate in a tip pool and, consequently, were paid at a rate of the minimum wage minus a tip credit deduction (hereinafter, "tip credit wage").[2] (*Id.* ¶¶ 47, 51.)

---

[1] Fogo De Chao "is a Brazilian churrascaria style restaurant," where roving "gauchos" or "churrasqueiros" slice meats off of a large skewer and serve them directly onto a patron's plate. (Doc. 45 at 2–3.)

[2] The Florida Constitution permits employers to compensate tipped employees at a rate of the minimum wage minus a tip credit, so long as the eligibility requirements for a tip credit are met under the FLSA. Fla. Const. art. X, § 24(c). Under the FLSA, an employer must satisfy several requirements before taking a tip credit, one of them being that the "tipped employee retain[s] all

Plaintiff alleges that Defendants were not eligible to take a tip credit deduction because the tip pool was invalidated by its inclusion of certain "gauchos"[3] and Customer Service Representatives ("CSR") who customarily did not receive tips. (*Id.* ¶ 51.) Some gauchos would occasionally spend the bulk of their shift preparing and seasoning meats instead of serving the meats to customers (hereinafter "kitchen gauchos"). (*Id.* ¶¶ 52–56.) Further, the CSRs allegedly held a "management" role and supervised the servers and gauchos instead of holding a traditionally tipped role. (*Id.* ¶¶ 57–68.) The kitchen gauchos were paid tip credit wage, while the CSRs were compensated at about $12 per hour. (*Id.* ¶¶ 53, 57.) By taking a tip credit on the Class Members,[4] Plaintiffs allege that Defendants violated Article X, § 24 of Florida's Constitution and the minimum wage provision of the FLSA, 29 U.S.C. § 206. (*Id.* at ¶¶ 99–109.)

## II.   CLASS CERTIFICATION

The party moving for class certification under Rule 23 carries the burden of establishing the propriety of the class certification. *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1322 (11th Cir. 2008) (citing *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1187 (11th Cir. 2003)). Prior to certifying a class, the Court must find that the class representative has standing to sue and

---

of the tips." *Bennett v. Hayes Robertson Grp., Inc.*, 880 F. Supp. 2d 1270, 1278 (S.D. Fla. 2012) (citing 29 U.S.C. § 203(m)). The employer may "pool" the tips so long as the tip pool does not include "'employees who [have not] customarily and regularly received tips,' such as dishwashers, cooks, chefs, and janitors." *Id.* (quoting U.S. Department of Labor Fact Sheet # 15: Tipped Employees Under the FLSA).

[3] Defendants note that there is no position at Fogo De Chao called "carver," but concede that Plaintiff is probably referring to the "churrasqueiro" position, "based on the alleged meat-related duties" of the carvers. (Doc. 45 at 12.) Confusingly, Defendants refer to churrasqueiros as "gauchos" throughout their statement of facts. (*Id.* 2–4.) Plaintiff explains he "intends for the position of carver and churrasqueiro to be interchangeable," (Doc. 49 at 2 n.1) while the employees referred to themselves as either "carvers" or a "gauchos" (Docs. 37-1, ¶ 6; 37-4, ¶ 6; 37-5, ¶ 6; 37-6, ¶ 6). For the sake of consistency, the undersigned will use the term "gaucho" when referring to an employee that serves meats off a skewer to customers.

[4] As further discussed *infra* Section II(C)(ii), the Class Members include bartenders, servers, gauchos, and kitchen gauchos.

that the proposed class is adequately defined and clearly ascertainable. *See Prado–Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000) ("[P]rior to the certification of a class … the district court must determine that at least one named class representative has Article III standing to raise each class subclaim"); *see also Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 984 (11th Cir. 2016). Rule 23(a) requires the movant to demonstrate the following: 1) the class is so numerous that joinder of all members is impracticable, 2) there are questions of law or fact common to the class, 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and 4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

After meeting the requirements of Rule 23(a), two additional requirements must be satisfied to certify a class under Rule 23(b)(3): First, the movant must show that the questions of law or fact common to the class members predominate over any questions affecting individual members. Fed. R. Civ. P. 23(b)(3). Second, the movant must show that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. *Id.*

Notice must be provided to all class members if a party attempts to certify a class under Rule 23(b)(3). *Miles v. Am. Online, Inc.*, 202 F.R.D. 297, 305 (M.D. Fla. 2001). According to Federal Rule of Civil Procedure 23(c)(2), the notice should be as "best [as] practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Id.* (citing Fed. R. Civ. P. 23(c)(2)(B)).

### A. Plaintiff Has Standing

A plaintiff must demonstrate Article III standing to pursue each of the claims asserted in the complaint. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). This requires the plaintiff to establish that he: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged

conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Further, "[t]o have standing to represent a class, a party must not only satisfy the individual standing prerequisites, but . . . also [must] be part of the class and possess the same interest and suffer the same injury as the class members." *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1307 (11th Cir. 2008) (internal quotation marks omitted). Therefore, the Court must determine that at least one named class representative has Article III standing to raise each class claim or subclaim. *Prado–Steiman*, 221 F.3d at 1279.

The claim at issue for class certification is Count I of the Complaint, which alleges unpaid minimum wages in violation of the Florida Constitution Article X § 24. (Doc. 1-1, ¶¶ 99–104.) Plaintiff alleges that while working at Fogo De Chao, he was "forced to participate in an illegal tip pool in violation of the Florida Constitution's tip-credit provision." (*Id.* ¶ 101.) As a result of participating in the allegedly illegal tip pool, "Defendants . . . failed to pay Plaintiff . . . the full minimum wage." (*Id.* ¶ 102.) These allegations are sufficient to show that Plaintiff has suffered an injury in fact, and the injuries are fairly traceable to Defendants' alleged violation of § 24. Moreover, Plaintiff's injuries are likely to be redressed by a favorable judicial decision. As such, the undersigned finds that Plaintiff has standing.[5]

### B. The Class Is Not Adequately Defined and Clearly Ascertainable

Plaintiff seeks to certify a class that he defines as: "[a]ll servers, bartenders, and [gauchos[6]] who worked for Defendants within Florida during the five (5) years preceding this lawsuit who were not paid full and proper minimum wage as a result of Defendants' illegal tip pooling practices." (Doc. 37 at 1–2.) Defendants contend that the class definition fails for two reasons: the

---

[5] The undersigned notes that Defendants do not contest Plaintiff's standing to bring the action. (Doc. 45.)
[6] The undersigned replaced the term "carver" with "gaucho." *See supra* n.3.

definition would create an impermissible "fail-safe" class, and it includes a diverse world of claimants. (Doc. 45 at 12–13.) The undersigned will address the pool of claimants *infra*, at Section II(C)(ii).

Defendants argue that the class definition fails because the "proposed class is an impermissible 'fail safe' class whose definition shields the class from receiving an adverse judgment." (Doc. 45 at 13.) Because the Eleventh Circuit has not yet addressed the issue of a "fail safe class," Defendants rely in support on *Fennell v. Navient Solutions, LLC*, No. 6:17-cv-2083-Orl-37DCI, 2019 WL 3854815, at *4 (M.D. Fla. June 14, 2019) and *Bondi v. New Rochelle Hotel Assocs.*, No. 17 CV 5681 (KMK)(LMS), 2018 WL 7246962, at *13 (S.D.N.Y. Dec. 7, 2018), *report and recommendation adopted*, 2019 WL 464821 (S.D.N.Y. Feb. 6, 2019). The *Bondi* court explained that "[a] fail-safe class is one whose definition 'shields the putative class members from receiving an adverse judgment. . . . Thus, in a fail-safe class, either the class members win or, by virtue of losing, they are not in the class, and therefore not bound by the judgment.'" 2018 WL 7246962, at *13 (quoting *Mazzei v. Money Store*, 288 F.R.D. 45, 55 (S.D.N.Y. 2012), *aff'd*, 829 F.3d 260 (2d Cir. 2016)) (alterations in original). In other words, fail-safe classes "permit plaintiffs to circumvent *res judicata* and basically rig the certification process so that they cannot lose." *Hurt v. Shelby Cty. Bd. of Educ.*, No. 2:13-CV-230-VEH, 2014 WL 4269113, at *8 (N.D. Ala. Aug. 21, 2014).

Aside from the *res judicata* issue, fail-safe classes are "unfair to defendants . . . and are unmanageable because the members of the class could only be known after a determination of liability." *Bondi*, 2081 WL 7246962, at*13 (quoting *Mazzei*, 288 F.R.D. at 55) (internal quotations omitted); *accord Hurt*, 2014 WL 4269113, at *8; *Eager v. Credit Bureau Collection Servs., Inc.*, No. 1:13–CV–30, 2014 WL 3534949, at *4 (W.D. Mich. July 16, 2014). "In short, fail[-]safe

classes preclude the court from ascertaining the contours of the class, which is the *sine qua non* of Rule 23 certification." *Hurt*, 2014 WL 4269113, *8. The salient feature of a "fail-safe" class is that it incorporates the elements of the claim or includes legal conclusions in the class definition. *See, e.g.*, *Fennell*, 2019 WL 3854815, at *4 (finding a class definition was not clearly defined because it included the elements of the claim in the definition); *Alhassid v. Bank of Am., N.A.*, 307 F.R.D. 684, 694 (S.D. Fla. 2015) ("This front-ends a merits determination on [the defendant]'s liability as the essential element in class composition.").

In the instant case, Plaintiff *posits* that the tip pool at Fogo De Chao locations was illegal because it included kitchen gauchos and CSRs. He also *contends* that due to the illegal tip pool, bartenders, servers, and gauchos were paid the improper tip credit wage, instead of the minimum wage. Finally, by the very nature of their duties, Plaintiff *argues* the kitchen gauchos should have been paid the minimum wage instead of the tip credit wage. These are legal determinations that the Court has yet to make. Yet, Plaintiff's proposed class definition assumes that the tip pool was illegal. (Doc. 37 at 2) ("Defendants' *illegal* tip pooling practices.") (emphasis added). It also assumes that kitchen gauchos, gauchos, bartenders, and servers were improperly paid a tip credit wage. (*Id.* at 1–2) ("[a]ll servers, bartenders, and [gauchos] . . . who were not paid *full and proper* minimum wage.") (emphasis added). If the Court were to determine that the tip pool is not illegal, then the proposed class members would fall outside of the class definition, and they would not be bound by the Court's rulings. Thus, Plaintiff's proposed class definition is an impermissible fail-safe class definition. *See Hurt*, 2014 WL 4269113, *8 ("So, the [fail-safe] class definition assumes what it ostensibly seeks to prove.").

A fail-safe class definition does not automatically doom the class because the court may "revise or permit . . . [P]laintiff to cure the flawed definitions." *Alhassid*, 307 F.R.D. at 694

(collecting cases). However, modifying Plaintiff's proposed class definition would be futile because, as discussed below, Plaintiff fails to satisfy all the Rule 23(a) requirements for class certification.

### C. Plaintiff Does Not Satisfy the Rule 23(a) Requirements

#### i. *Plaintiff Has Established Numerosity*

The first requirement Plaintiff must satisfy under Rule 23(a) is that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Plaintiff argues that he has satisfied the numerosity requirement because each Fogo De Chao location employs "approximately 50 [to] 100 servers and [gauchos] at one time who were all affected by Defendants' pay practice." (Doc. 37 at 7.) In support, Plaintiff attaches the declarations of six individuals who worked at two different Fogo De Chao locations as servers, bartenders, and gauchos. (Docs. 37-1–6.) Each employee claimed that his or her respective Fogo De Chao location had a range of 50 to 100 employees who were affected by the allegedly illegal "tip-pool." (Docs. 37-1, ¶ 29; 37-2, ¶ 30; 37-2, ¶ 30; 37-4, ¶ 31; 37-5, ¶ 35; 37-6, ¶ 31.) Therefore, Plaintiff has satisfied the numerosity requirement, and Defendants do not contest this prong. *See* Doc. 45; *Kilgo v. Bowman Transp., Inc.*, 789 F.2d 859, 878 (11th Cir. 1986) (finding that the district court did not abuse its discretion in finding that numerosity requirement was met where thirty-one individual class members from wide geographical area were identified).

#### ii. *Plaintiff Failed to Demonstrate Commonality*

The second requirement Plaintiff must satisfy under Rule 23(a) is that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury . . . .'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011) (quoting *Gen. Tel. Co.*, 457 U.S. at 157). The claims must

depend on a common contention whose "truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 350.

Plaintiff contends that the commonality element has been met because of the following questions of law or fact applicable to all class members:

> a) Whether class members shared tips with back of the house workers;
> b) Whether Defendants required class members to share tips with a non-tipped employee, *i.e.* the [customer service representative];
> c) Whether class members are entitled to compensation for minimum wages for these violations according to the Florida Constitution;
> d) What remedies are appropriate compensation for the damages caused to Plaintiffs and each member of the class, including Liquidated Damages; and
> e) Whether Defendants' failure to compensate Plaintiff and the class members at the applicable minimum wage rates was willful, intentional or done with reckless disregard.

(Doc. 37 at 9.) Defendants argue that there is no commonality because Plaintiff's declarations demonstrate that there was "no common policy . . . to require any tipped employee to perform non-tipped duties in excess of what is permitted by law." (Doc. 45 at 15.)

Though *all* putative Class Members, i.e., gauchos, kitchen gauchos, servers, and bartenders,[7] were not paid minimum wage, the kitchen gauchos' basis of relief differs from that of the gauchos, bartenders, and servers. Plaintiff argues that kitchen gauchos should have been paid minimum wage by virtue of their job duties, which involved customarily non-tipped work. (Doc. 49 at 6.) By contrast, gauchos, servers, and bartenders should have been paid the minimum wage

---

[7] It is worth noting that the Second Amended Complaint focuses solely on gauchos and servers, yet the class definition includes bartenders. (*Compare* Doc. 1-1 *with* Doc. 37 at 1–2.) At least one other judge in this District has found a *post hoc* "attempt to broaden the scope of [the] action" in a motion for class certification "troubling [because] 'i[t] is patently unfair to expect a defendant to respond to a theory of liability that shifts with each response.'" *Hart v. JPMorgan Chase Bank, N.A.*, No. 8:12-cv-00470-T-27, 2012 WL 6196035, at *2 (M.D. Fla. Dec. 12, 2012) (quoting *Adair v. Wis. Bell, Inc.*, No. 08–C–280, 2008 WL 4224360, at *5 (E.D. Wis. Sept.11, 2008)).

because those employees were a part of an invalid tip pool that included kitchen gauchos and CSRs. (*Id.*) Thus, kitchen gauchos, by the very nature of their job duties, are not similar to gauchos, severs, and bartenders.

This scenario is akin to *Butler-Jones v. Sterling Casino Lines, L.P.*, No. 6:08-cv-1186-Orl-35DAB, 2008 WL 5274384, at *7 (M.D. Fla. Dec. 18, 2008), where the court declined to conditionally certify a class pursuant to 29 U.S.C. § 216(b). The court noted that the plaintiff's suggested class included three categories of claimants: "1) tipped employees paid on a per shift basis, plus tips; 2) tipped employees who have worked hours that have not been compensated at the statutory federal minimum wage; and/or 3) tipped employees who have worked overtime, but have not received compensation for such overtime." 2008 WL 5274384, at *7. The Court then found that "the three categories are, by their very definition, not similar," and accordingly denied the motion to conditionally certify the class. *Id.*

Here, Plaintiff suggests a class containing *two* categories of claimants: tip credit wage employees that should have been paid minimum wage because they were in an invalid tip pool, and tip credit wage employees that should have been paid minimum wage because they spent more time doing customarily non-tipped work. By their very definition, the claimants are not all similarly situated, and therefore Plaintiff has failed to demonstrate commonality.

### iii. Plaintiff's Harm Is Not Typical

The third prong of Rule 23(a) requires the plaintiff to show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). This prerequisite focuses on determining whether there is a sufficient nexus between the class representative's claims and those of the class at large. *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1322 (11th Cir. 2008). Specifically, the "class representative must possess the same interest

and suffer the same injury as the class members in order to be typical under Rule 23(a)." *Id.* There is a sufficient nexus if the class representative's claims and the potential class members' claims arise from the same event, pattern, or practice and are based on the same theories. *Ault v. Walt Disney World Co.*, 692 F.3d 1212, 1216 (11th Cir. 2012).

In his Declaration, Plaintiff states that his official position was that of a gaucho, but he would also work as a server, bartender, butcher, cook, and dishwasher. (Doc. 37-1, ¶ 6.) He also stated that Defendants paid him at the tip credit wage, even during the hours when he did not perform any traditionally tipped duties, i.e., customer service. Because Plaintiff was a gaucho, his claims and defenses are not typical of that of the rest of the class—in particular, the servers and bartenders. As such, Plaintiff fails to establish typicality.

    *iv.*    *Summary*

In light of the foregoing, I recommend that the Court deny Plaintiff's request for class certification as to Count I, because the class is not ascertainable, there is no commonality, and Plaintiff's harm is not typical.

**III.    CONDITIONAL CERTIFICATION UNDER SECTION 206(b)**

Conditionally certifying a collective FLSA action is within the discretion of the District Court. *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001). The determination depends on the District Court's finding "that there are other employees . . . who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Chung v. Affordable Battery, Inc.*, No. 12-60612-CIV, 2012 WL 3759029, *1 (S.D. Fla. Aug. 29, 2012) (quoting *Dybach v. State of Fla. Dept. of Corrs.*, 942 F.2d 1562, 1567 (11th Cir. 1991)).

Plaintiff seeks to conditionally certify a class that he defines as: "[a]ll servers, bartenders and [gauchos] who worked for Defendants within Florida during the last three (3) years preceding this lawsuit who were not paid full and proper minimum wage as a result of Defendants' illegal tip pooling practices." For the reasons set forth below, I recommend that the Court deny this request without prejudice.

### A. Plaintiff Failed to Demonstrate That There Are Similarly Situated Employees

"Plaintiffs bear the burden of proving they and the class they seek to represent are similarly situated." *Herrera v. Mattress Firm, Inc.*, No. 17-22048-CIV, 2017 WL 4270619, at *3 (S.D. Fla. Sept. 26, 2017). "The key consideration is that to be 'similarly situated,' there must be 'substantial allegations that potential members were together the victims of a single decision, policy, or plan.'" *Richardson v. Wells Fargo Bank, N.A.*, No. 4:11–cv–00738, 2012 WL 334038, at *2 (S.D. Tex. Feb.2, 2021) (quoting *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010)). Other factors are the similarity of the claimant's job requirements or pay provisions. *Dybach*, 942 F.2d at 1567–68.

The Eleventh Circuit utilizes a two-tiered approach when determining whether there is a similarly situated class. *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 n.2 (11th Cir. 2003). The first tier is the notice stage, which is when the Court decides whether notice of the action should be given to class members. *Id.* A District Court generally may rely only on pleadings and affidavits, and it may apply a "fairly lenient standard" when deciding whether the claimants are similarly situated. *Anderson v. Cagle's Inc.*, 488 F.3d 945, 953 (11th Cir. 2007). The second stage is usually precipitated by a motion for decertification, after discovery is essentially complete. *Id.* At that stage, the court "makes a factual determination on the similarly situated question." *Id.* (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995)).

The "Eleventh Circuit has stressed that '[n]othing in [the Eleventh Circuit's] precedent . . . requires district courts to utilize this approach.'" *Kelley v. Taxprep1, Inc.*, No. 5:13-cv-451-Oc-22PRL, 2014 WL 10248251, at *1 (M.D. Fla. Apr. 2, 2014) (quoting *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001)).

Defendant argues that the class members are not similarly situated, as evidenced by the varying job titles the class members hold, the differences in operations at the Orlando, Jacksonville, and Miami locations, and the differences between the claims of the gauchos versus the bartenders and servers. (Doc. 45 at 23–24.) Plaintiff argues that he has satisfied the burden for conditional certification based on the allegations in the complaint and his declaration. (Docs. 35 at 17–18; Doc. 47 at 8–9.) For reasons similar to those previously addressed, the undersigned finds that Plaintiff has failed to demonstrate that all the class members are similarly situated.[8]

Defects aside, Plaintiff has failed to demonstrate that the conditional class claimants are similarly situated. While at the notice stage, courts apply a lenient standard in determining whether the claimants in the conditional class are similarly situated, Plaintiff nevertheless carries the burden to do so. *Grayson v. K–Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). Plaintiff admitted that gauchos could potentially have two legal grounds for entitlement to minimum wages, while servers and bartenders have only one. (Doc. 49 at 6.) Moreover, as discussed *supra* in Section II(C)(ii), at least one other judge in this District has found that three categories of tipped employees were not

---

[8] The undersigned notes that, on its face, the proposed class for conditional certification has some defects. First, as with the class definition for the state law claim, the definition for conditional certification expands the list of viable claimants to include bartenders. Second, of the eight opt-in plaintiffs, most of which submitted declarations in support of this motion, only half—Oliveira, Torres, Bossa, and Medeiros—would have a non-time barred FLSA claim. It is unclear whether Lala Santos would have a viable FLSA claim because he failed to respond to the Court's interrogatories, and he did not provide a declaration in support of the instant Motion. (*See* Docs. 29-2–3; 37-1–6.)

similarly situated enough such that conditional certification under the FLSA was appropriate. *See Butler-Jones*, 2008 WL 5274384, at *7.

Even among the gauchos, plaintiff-specific inquiries would be necessary to determine whether each gaucho ever worked as a kitchen gaucho during his employment at Fogo De Chao, and if so, during which shifts. Plaintiff-specific inquiries would "make conditional certification in this proceeding unwarranted." *Kelley*, 2014 WL 10248251, at *2 (denying conditional certification because, *inter alia*, individualized inquiries were necessary to determine whether certain employees were covered by the FLSA executive exemption). Such a diverse group of class members makes conditional certification inappropriate in this action. Therefore, I respectfully recommend that the Court deny the motion to the extent that it seeks conditional certification and dismiss the opt-in plaintiffs. *See White v. SLM Staffing LLC*, No. 8:16-cv-2057-T-30TBM, 2016 WL 4382777, at *3 (M.D. Fla. Aug. 17, 2016) (dismissing the opt-in plaintiffs after determining that conditional certification in the action was inappropriate as the claimants were not similarly situated).

## IV.   RECOMMEDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the District Court:

1. **DENY** the Motion for Class Certification (Doc. 37);
2. **DISMISS** the opt-in plaintiffs, Lucas Ribeiro Bossa, Gustavo Oliveira, Marcelino Medeiros, Fernando Costa, Paulo Rodriguez, Alexandre Lala Santos, Pedro Afonso, and Axel Torres.

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 15, 2020.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties