UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRUNO BALASSIANO,

    Plaintiff,

v.                                            CASE NO.: 6:19-CV-2140-ORL-78EJK

FOGO DE CHAO CHURRASCARIA
(ORLANDO) LLC,
FOGO DE CHAO CHURRASCARIA
(JACKSONVILLE) LLC, and
FOGO DE CHAO CHURRASCARIA
(MIAMI) LLC,

    Defendants,
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**
**AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff, BRUNO BALASSIANO ("Balassiano"), and Defendants, FOGO DE CHAO CHURRASCARIA (ORLANDO) LLC, FOGO DE CHAO CHURRASCARIA (JACKSONVILLE) LLC and FOGO DE CHAO CHURRASCARIA (MIAMI) LLC (collectively, "Defendants"), by and through their undersigned counsel, move for the entry of an order approving their Settlement Agreement and Release attached as Exhibit "A" (the "Settlement Agreement"), and for the entry of an order dismissing this case with prejudice. In support thereof, the Parties state as follows:

1.    On October 31, 2018, Balassiano filed a Class Action Complaint and Demand for Jury Trial in the Circuit Court of the Ninth Judicial Circuit, in and for

Orange County, Florida, asserting one count under the Florida Minimum Wage Act ("FMWA") on behalf of a putative class. Approximately a year later, Balassiano filed an Unopposed Motion for Leave to File Amended Complaint seeking to amend the Second Amended Complaint to assert an additional claim for minimum wages allegedly due and owing under the Fair Labor Standards Act, 29 U.S.C. § 206 (the "FLSA"). Based on the addition of the FLSA claim, Defendants removed this case to federal court on November 18, 2019. [D.E. 1]. Defendants answered the Third Amended Complaint on November 25, 2019 [D.E. 14], denying the allegations and asserting numerous defenses and affirmative defenses, including, without limitation, that Balassiano had no entitlement to the damages sought because he had been fully paid in accordance with the requirements of the FLSA for all hours worked and/or reported as worked. On January 7, 2021, this Court denied Plaintiff's motion for class and collective certification and dismissed all putative opt-in plaintiffs, leaving only Balassiano as a plaintiff. [D.E. 53].

2. The Parties have exchanged voluminous discovery, consisting of Interrogatories, Requests for Production, and Requests for Admissions.

3. After exchanging information and records regarding Balassiano's employment and Defendants' operational and compensation policies, the parties conducted a mediation on May 26, 2021. After a lengthy day of negotiations and in order to avoid the uncertainties of further litigation and the attorneys' fees associated with this type of action, the Parties were able to reach a settlement to resolve all of Balassiano's claims in this matter. The terms of that settlement are set forth in the

agreement attached hereto as Exhibit "A", which requires approval of the Court. *Bonetti v. Embarq Management Co.,* 715 F.Supp.2d 1222, 1227 *(*M.D. Fla. Aug. 4, 2009*); Lynn's Food Stores, Inc. v. U.S.*, 679 F. 2d 1350 (11th Cir. 1982).

4. Throughout the entirety of the pre-suit, litigation, and mediation process, both Parties were represented by competent counsel with experience in this area of law.

5. Despite the legal issues at dispute in this case, the Parties have agreed to a settlement amount for Balassiano's underlying FLSA claims. Balassiano has agreed to the settlement amount because of the certainty of the outcome it provides to him in comparison to the cost and risk of continued, protracted litigation which otherwise would be required for the Parties to pursue their respective claims and defenses, and for either Balassiano or Defendants to obtain a final judgment on the merits, which would be exceedingly high. Accordingly, the Parties agree their Settlement Agreement and Release is a fair and reasonable settlement of a bona fide dispute.

6. The Parties have agreed that the terms reflected in the Settlement Agreement are a mutually satisfactory compromise to resolve the underlying disputes and that the consideration for the agreement includes separate consideration to resolve Plaintiff's claim for attorneys' fees and costs under the FLSA.

## MEMORANDUM OF LAW

### A. The Standard of Review

Section 16(b) of the FLSA (29 U.S.C. § 216(c)) permits employees to settle

and release FLSA claims against an employer if the parties present the trial court a proposed settlement and the trial court enters an order approving the fairness of the settlement. *Lynn's Food*, 679 F.2d at 1353; *see also Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 Ld.Ed. 1114 (1946). Before approving an FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Lynn's Food*, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food*, 679 F.2d at 1354.

B.  **All Relevant Factors Support Approving the Proposed Settlement**

In determining whether the settlement is fair and reasonable, the Court considers the following factors:

(1)  The existence of fraud or collusion behind the settlement;
(2)  The complexity, expense, and likely duration of the litigation;
(3)  The stage of the proceedings and the amount of discovery completed;
(4)  The probability of plaintiff's success on the merits;
(5)  The range of possible recovery; and
(6)  The opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007); *see also Hill v. Florida Industrial Elec., Inc.*, No. 6:06-cv-915-Orl-31JGG, 2007 U.S. Dist. LEXIS 9498, at *6 (M.D. Fla. Feb. 9, 2007); *Pacheco v. JHM Enterprises, Inc., et al.*, No. 6:05-cv-1247-Orl-JGG, at *4

(M.D. Fla. Apr. 12, 2006).

In reviewing such factors, there is a strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at * 2-3; *see also Cotton v. Hinton.* 559 F.2d 1326, 1331 (5th Cir. 1977). All such factors support approving the parties' FLSA Settlement in this case.

### 1. There Is No Fraud in this Case

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seems fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each party is independently represented by counsel. Balassiano is represented by Carlos V. Leach of The Leach Firm, P.A. and Noah E. Storch and Richard B. Celler of Richard Celler Legal P.A., and Defendants are represented by Mary Ruth Houston and Paul J. Scheck of Shutts & Bowen, LLP. All counsel involved have extensive experience in litigating FLSA claims.

### 2. The Complexity, Expense, and Length of Litigation Support Early Resolution

The complexity, expense, and length of litigation heavily weigh in favor of settlement in this case. The cost of further, protracted litigation, which would be required for the Parties to pursue their claims and defenses and obtain a final judgment on the merits, would be exceedingly high, and likely would exceed Balassiano's alleged damages in this action. The Parties' FLSA Settlement minimizes such costs, preserving the Parties' and the Court's time and resources.

### 3. The Parties Have Sufficiently Investigated this Case Prior to Engaging in Settlement Discussions

There has been sufficient investigation, discovery, and exchange of information over the course of this litigation to allow the Parties to undertake a fair and reasonable settlement. The Parties have exchanged documents. The information exchanged included, without limitation, information regarding Balassiano's job duties, time records, work hours, and compensation.

### 4. Probability of Success on the Merits Is in Dispute

The Parties vigorously dispute the merits of Balassiano's claims – making litigation through summary judgment and a potential trial or appeals inevitable if the Parties' FLSA Settlement is not approved. In particular, Balassiano has contended that he was not paid a minimum wage rate based on the tip credit system used by the Defendants in their restaurants. Defendants dispute the Plaintiff's claims and contend that their tip credit system complies with the requirements of federal and state law. Based on the foregoing, Balassiano's probability of success on the merits and the uncertainty of what amount might be awarded, further supports the Parties' compromise and shows that the Settlement Agreement is fair and appropriate.

### 5. The Range of Possible Recovery Supports Approving Settlement

The Parties' Settlement Agreement includes a payment by Defendant to Plaintiff in the amount of $8,500.00 for alleged wages due plus an additional payment to Plaintiff in the amount of $8,500.00 for liquidated damages. Plaintiff estimated his maximum recovery to be $13,279.88 ($26,559.76 including liquidated

damages). *See* Plaintiff's Answers to Court Interrogatories. [D.E. 26]. The Parties separately negotiated and agreed to settle Plaintiff's claims for attorney's fees and costs in the amount of $32,000.00, without regard to the amount to be paid to Plaintiff.

### 6. Counsel for Both Parties Agree the Proposed Settlement Represents a Fair Resolution

Given the facts and circumstances of this case, counsel for both Parties concur that the Parties' Settlement Agreement is a fair and reasonable compromise of Balassiano's claim.

### C. The Attorneys' Fees and Costs Are Fair

The last element the Court should evaluate in determining fairness of a settlement of a FLSA claim is the reasonableness of the attorneys' fees and costs. *See Helms*, at *6-7; *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). Provided "the plaintiff's attorneys' fee is agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of the fees paid to his attorney, the Court [should] approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti*, 715 F.Supp.2d at 1227.

In the instant case, the attorneys' fees and costs to be paid by Defendants as part of the resolution of Balassiano's FLSA claims were agreed upon by the Parties separately and without regard to the amounts for wages and liquidated damages

which Defendants are paying to Balassiano under the Parties' Settlement Agreement. In addition, this matter has been litigated between the parties since November 2018, in both state and federal court, and involved the filing of a Motion to Conditional Class Certification. Accordingly, because the settlement is reasonable on its face and Balassiano's recovery is not adversely affected by the amount of the attorneys' fees and costs to be paid to his attorney, the Court should approve the Parties' Settlement Agreement.

## II.  CONCLUSION

WHEREFORE, Plaintiff, BRUNO BALASSIANO, and Defendants, FOGO DE CHAO CHURRASCARIA (ORLANDO) LLC, FOGO DE CHAO CHURRASCARIA (JACKSONVILLE) LLC and FOGO DE CHAO CHURRASCARIA (MIAMI) LLC, respectfully request that this Court approve the Parties' Settlement Agreement and Release, and dismiss the claim with prejudice.

Dated:  June 10, 2021

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| */s/ Carlos V. Leach* | */s/ Mary Ruth Houston* |
| Carlos V. Leach, Esq. | Mary Ruth Houston, Esq. |
| FL Bar No. 0540021 | FL Bar No. 834440 |
| THE LEACH FIRM, P.A. | Paul J. Scheck, Esq. |
| 631 S. Orlando Avenue, Suite 300 | FL Bar No. 028487 |
| Winter Park, FL 32789 | SHUTTS & BOWEN LLP |
| Telephone: (407) 574-4999 ext. 416 | 300 South Orange Ave., Suite 1600 |
| Facsimile: (833) 813-7512 | Orlando, FL 32801 |
| Email: cleach@theleachfirm.com | Telephone:  (407) 423-3200 |
| Email: yhernandez@theleachfirm.com | Facsimile:   (407) 849-7230 |
| *Attorneys for Plaintiff* | |

E-mail: mhouston@shutts.com  
E-mail: pscheck@shutts.com  
E-mail: mljohnson@shutts.com  
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of June, 2021, the foregoing was filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Mary Ruth Houston  
Mary Ruth Houston, Esq.

ORLDOCS 18725333 3