## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between BRUNO BALASSIANO ("BALASSIANO") and FOGO DE CHAO CHURRASCARIA (ORLANDO) LLC, FOGO DE CHAO CHURRASCARIA (JACKSONVILLE) LLC, AND FOGO DE CHAO CHURRASCARIA (MIAMI) LLC (collectively "FOGO") (BALASSIANO and FOGO together, the "Parties").

1. __Purpose__. The purpose of this Agreement is to conclusively resolve and settle all matters and things in controversy between BALASSIANO and FOGO regarding any claims under the minimum wage and/or overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA") and the Florida Constitution, Article X, Section 24, that were made or could have been made by BALASSIANO in the matter removed to the Middle District Court of Florida, Orlando Division, on or about November 8, 2019, styled *Bruno Balassiano v. FOGO de Chao Churrascaria (Orlando) LLC, FOGO de Chao Churrascaria (Jacksonville) LLC, and FOGO de Chao Churrascaria (Miami) LLC*, Case No.: 6:19-cv-2140-ORL-78EJK, and the originally filed action, by the same caption, filed in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, Case No.: 2018-CA-001978-O (the "Lawsuit"). This Agreement is not effective or enforceable unless and until it is approved by the Court.

2. __Opportunity to Negotiate, Consider and Consult with Counsel__. The terms of this Agreement are the product of negotiations between the parties hereto. The parties stipulate that the consideration given to support the obligations of this Agreement is the full consideration agreed to, and that none of the Parties has received any other promises, inducements, or concessions in support of the duties imposed herein. In executing this Agreement, BALASSIANO has not relied on any representation, compromise, conduct or action made by or on behalf of FOGO or its attorneys. BALASSIANO acknowledges that he has obtained the advice of competent counsel and agrees that he has been given a reasonable period of time within which to consider this Agreement. The Parties acknowledge that in reaching the terms of this Agreement, each has received full disclosure from the other with respect to payroll records and hours worked and allegedly worked. The Parties confirm that they have had this Agreement explained to them by their attorneys, they are relying on their own judgment and on the advice of their respective attorneys, and each confirms their competence to understand and do hereby accept the terms and conditions of the Agreement.

3. __No Admission of Liability__. The parties stipulate and agree that entry into this Agreement does not constitute, for any purpose whatsoever, either directly or indirectly, an admission of any liability whatsoever, and that FOGO expressly denies any such liability. This Agreement represents the compromise of disputed and contingent claims.

4. __Consideration__. The consideration given by FOGO to BALASSIANO and his attorneys under this Agreement consists of the following amounts:

    (a) the amount of Eight Thousand Five Hundred Dollars and Zero Cents ($8,500.00), less lawful withholdings and deductions, payable to "Bruno Balassiano" which constitutes a payment for unpaid wages;

**EXHIBIT "A"**

   (b) the amount of Eight Thousand Five Hundred Dollars and Zero Cents ($8,500.00), payable to "Bruno Balassiano", which constitutes a payment for liquidated damages; and

   (c) the amount of Thirty Two Thousand Dollars and Zero Cents ($32,000.00), payable to "The Leach Firm, P.A." for all of Balassiano's attorney's fees and costs (incurred by any and all attorneys for Balassiano including without limitation The Leach Firm, P.A. and Richard Celler Legal, P.A.), said amount being negotiated, settled and agreed to separately and without regard to Balassiano's settlement.

The above-referenced payments shall be delivered to Carlos V. Leach, Esq., c/o, The Leach Firm, P.A., 631 S. Orlando Ave., Suite 300, Winter Park, Florida 32789, within ten (10) business days of the date this Agreement is approved by the Court. The consideration given by BALASSIANO to FOGO in support of this Agreement consists of full performance of each and every one of the respective obligations described in this document, all of which are expressly made material. FOGO makes no representations regarding the taxability or non-taxability of the above amounts, and BALASSIANO understands that he shall be solely responsible for the payment of all appropriate taxes.

  5. <u>Release of FOGO</u>. In consideration of the promises herein, BALASSIANO hereby RELEASES, ACQUITS, FOREVER DISCHARGES, HOLDS HARMLESS, and covenants not to sue FOGO, and its corporate parents, subsidiaries, affiliates and related entities, all predecessors, successors and assigns of each of the foregoing, and all past and present representatives, insurers, agents, officers, directors, trustees, stockholders, members, and employees of FOGO, and all other entities referenced in this paragraph (collectively, the "Releasees") from any and all claims, demands, causes of action, complaints or charges, known or unknown, of any kind or character, arising out of or under the overtime, minimum wage, or unpaid wage provisions of the FLSA, Florida law, or the Florida Constitution and statutes.

  6. <u>Dismissal With Prejudice and Covenant Not to Sue</u>. The Parties agree to file this Agreement with the Court for review and approval in the Lawsuit and BALASSIANO agrees that as part of seeking the Court's approval of this Agreement and the delivery of the amounts in paragraph 4 above, the Lawsuit will be dismissed with prejudice. BALASSIANO agrees not to reargue, reinstitute, or refile any of those claims or the otherwise released claims in any court or other legal forum whatsoever.

  7. <u>Attorneys' Fees</u>. In any dispute arising under this Agreement or any claim released hereunder, the prevailing party shall be entitled to its/his attorneys' fees, expert witness fees, and costs of court.

  8. <u>Assignability</u>. All of the foregoing shall inure to the benefit of FOGO and each of the other Releasees, and their respective predecessors, successors and assigns, heirs, executors, administrators, legal representatives, successors and assigns, and shall be binding upon BALASSIANO, and his heirs, executors, administrators, legal representatives, successors and assigns.

ORLDOCS 18700974 2

9. <u>Severability</u>. If any provision(s) of this Agreement are held to be illegal, invalid or unenforceable under present or future laws, any such provision(s) shall be curtailed and limited only to the extent necessary to bring it within the requirements of the law. In that event, the remainder of this Agreement shall thereafter be construed and enforced as if such illegal, invalid, or unenforceable provision(s) had never comprised a part hereof. In such case, the remaining provision(s) of this Agreement shall continue in full force and effect and shall not be affected by any such illegal, invalid, or unenforceable provision(s) or by severance herefrom.

10. <u>Governing Law</u>. The laws of the State of Florida shall govern the validity, construction, and enforcement of this Agreement. Any action to enforce the terms of this Agreement shall be commenced and maintained exclusively in Orange County, Florida.

11. <u>Ownership of Claims</u>. BALASSIANO represents and warrants that he has not sold, assigned, transferred, conveyed or otherwise disposed of to any third party, by operation of law or otherwise, any action, cause of action, debt, obligation, contract, agreement, covenant, guarantee, judgment, damage, claim, counterclaim, liability, or demand of any nature whatsoever, relating to any matter covered by this Agreement.

12. <u>Opportunity to Consider</u>. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft this Agreement, BALASSIANO agrees that this Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against one party in favor of the other.

13. <u>Multiple Originals</u>. This Agreement may be executed electronically and in multiple counterparts, each shall be deemed an original, but all of which together shall constitute one instrument.

**BALASSIANO, AFTER DUE CONSIDERATION AND CONSULTATION WITH HIS ATTORNEYS, FREELY AND KNOWINGLY ENTERS INTO THIS SETTLEMENT AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS UNDER THE FLSA, FLORIDA LAW, AND/OR THE FLORIDA CONSTITUTION HE HAS OR MIGHT HAVE AGAINST RELEASEES REGARDING VIOLATIONS OF THE OVERTIME OR MINIMUM WAGE PROVISIONS UNDER THE ABOVE.**

**THE REMAINDER OF THIS PAGE HAS INTENTIONALLY BEEN LEFT BLANK**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**BRUNO BALASSIANO**

By: *Bruno Balassiano*

Date: 05/26/2021

**FOGO DE CHAO CHURRASCARIA (ORLANDO) LLC**

By:_____
Anthony Laday

Title: Manager_____

Date:5/26/2021

**FOGO DE CHAO CHURRASCARIA (JACKSONVILLE) LLC**

By:_____
Anthony Laday

Title: Manager_____

Date:5/26/2021

**FOGO DE CHAO CHURRASCARIA (MIAMI) LLC**

By:_____
Anthony Laday

Title: Manager_____

Date:5/26/2021

4

ORLDOCS 18700974 2

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**BRUNO BALASSIANO**

By:_____

Date:_____

**FOGO DE CHAO CHURRASCARIA (ORLANDO) LLC**

By: */s/ Anthony Laday*
**Anthony Laday**

Title: Manager_____

Date: 5/26/2021_____

**FOGO DE CHAO CHURRASCARIA (JACKSONVILLE) LLC**

By: */s/ Anthony Laday*
Anthony Laday

Title: Manager_____

Date: 5/26/2021_____

**FOGO DE CHAO CHURRASCARIA (MIAMI) LLC**

By: */s/ Anthony Laday*
Anthony Laday

Title: Manager_____

Date: 5/26/2021_____

4